**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-168** |
| **ISAAC SMITH** | **SECTION I** |

**ORDER AND REASONS**

The Court has received a motion[1] filed by defendant, Isaac Smith, to correct his sentence, and a motion[2] to expedite consideration of that motion. The government has filed a response[3] and Smith has filed a motion for leave to file a reply.[4]

Rule 35(a) of the Federal Rules of Criminal Procedure allows the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error."[5] However, "Rule 35(a) does not authorize re-sentencing when the basis for doing so is that the district court changed its mind about the appropriateness of the sentence." *United States v. Ross*, 557 F.3d 237, 241 (5th Cir. 2009).

Considering Smith's arguments based on 18 U.S.C. § 3553 and the Eighth Amendment, as well as the government's response and the reasons orally pronounced for the sentence imposed, the Court is unpersuaded that there is any "arithmetical, technical, or other clear error" such that

---

[1]R. Doc. No. 733

[2]R. Doc. No. 734.

[3]R. Doc. No. 736.

[4]R. Doc. No. 738. The motion for leave to file a reply is granted.

[5]Smith has already filed a notice of appeal. R. Doc. No. 711. However, "[t]he filing of a notice of appeal . . . does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion." Fed. R. App. P. 4(b)(5).

1

modification of Smith's sentence pursuant to Rule 35(a) is warranted or allowed.[6] Accordingly,

**IT IS ORDERED** that the motion to expedite and the motion for leave to file a reply are

**GRANTED** and that the motion to correct the sentence is **DENIED**.

New Orleans, Louisiana, May 5, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6]Smith also refers to the *Healy* doctrine, R. Doc. No. 733-1, at 3, which relates to the effect of a motion for reconsideration on the time to file an appeal in a criminal case and has no obvious applicability to Smith's motion. *See United States v. Rainey*, 757 F.3d 234, 239 (5th Cir. 2014); *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992).